2022R00104/MPP/HG

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. DCB 22cr 45 |
| v. | (18 U.S.C. § 371, Conspiracy; 18 U.S.C. § 201(b), Bribery; 18 U.S.C. § 2, Aiding and Abetting; 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c), Forfeiture) |
| JASON M. EDMONDS, | |
| Defendant. | |

## INDICTMENT

The Grand Jury for the District of Maryland charges that at all times relevant to this Indictment:

## COUNT 1
### Conspiracy

### Background

1. Defendant **JASON M. EDMONDS** ("**EDMONDS**") was a resident of Cecil County, Maryland.

2. Aberdeen Proving Ground ("APG") was a U.S. Army facility located adjacent to Aberdeen, Harford County, Maryland.

3. The U.S. Army Combat Capabilities Development Command ("CCDC") Chemical Biological Center ("CB Center") located at APG was the nation's principal research and development center for nonmedical chemical and biological weapons defense. The CB Center developed technology in the areas of detection, protection, and decontamination.

4. **EDMONDS** was employed by the Army as a Research Biologist at the CCDC CB Center.

1

2022R00104/MPP/HG

5.  Among other tools, **EDMONDS** and the other scientists and researchers at the CB Center utilized an Ambient Breeze Tunnel for its aerosol and bio-aerosol detection research and testing. The Ambient Breeze Tunnel was a converted warehouse that could be maintained at the same temperature and humidity as the outside temperature, allowing testing to take place in actual environmental conditions. The Ambient Breeze Tunnel used a high-efficiency particulate air filtration system to pump air in and out of the Ambient Breeze Tunnel.

6.  JOHN R. CONIGLIARO ("CONIGLIARO") was a resident of Harford County, Maryland. CONIGLIARO was the owner and Chief Executive Officer of EISCO, Inc. ("EISCO"). EISCO was located at 4011 Miller Road, Kingsville, Maryland 21087.

## The Conspiracy and its Objects

7.  From in or about 2012 to in or about 2019, in the District of Maryland and elsewhere, the defendant,

**JASON M. EDMONDS,**

knowingly and willfully conspired and agreed with JOHN R. CONIGLIARO and other co-conspirators known and unknown to members of the Grand Jury, to commit violations of 18 U.S.C. § 201(b), whereby **EDMONDS**, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being influenced in the performance of an official act; that is CONIGLIARO gave cash and other financial benefits to **EDMONDS** in exchange for **EDMONDS** undertaking an official act on behalf of the CB Center that benefited EISCO and CONIGLIARO.

8.  The objects of the conspiracy were to:

    a. direct CB Center work to EISCO in exchange for things of value given to **EDMONDS**;

2

2022R00104/MPP/HG

    b. obtain financial benefits for **EDMONDS** and CONIGLIARO; and

    c. hide the things of value being provided to **EDMONDS** in exchange for official acts.

<b><u>Overt Acts in Furtherance of the Conspiracy</u></b>

9. On July 22, 2013, **EDMONDS** caused the government to award Contract No. W911SR-10-D-004-0010, Modification No. 26, to a prime contractor, Science Applications International Corporation ("SAIC"), with the expectation that SAIC would retain EISCO to perform the work. Modification 26 provided $300,000.00 in funding for work on the Ambient Breeze Tunnel.

10. On or about September 12, 2013, CONIGLIARO paid $349.41 for brake lines that were installed on **EDMONDS**' vehicle.

11. On October 7, 2013, CONIGLIARO gave **EDMONDS** $40,000.00 in cash to finance the purchase of rental properties.

12. On October 7, 2013, **EDMONDS** executed an "Unsecured Promissory Note," ("Promissory Note"), documenting that CONIGLIARO had given **EDMONDS** $40,000.00, purportedly as a zero percent interest loan, which would be repaid within six months.

13. On October 7, 2013, CONIGLIARO sent a text message to **EDMONDS** stating, "I'm giving you 2k more after the tunnel job is done."

14. On or about October 31, 2013, **EDMONDS** purchased two real estate properties in Perryville, Maryland ("Perryville Rental Properties") using the funds that CONIGLIARO had provided to him.

15. On June 14, 2014, **EDMONDS** amended the Promissory Note, documenting that: (1) **EDMONDS** repaid $18,100.00 of the loan by directing CB Center projects to EISCO; (2) CONIGLIARO agreed to loan **EDMONDS** an additional $25,000.00; and (3) **EDMONDS**

2022R00104/MPP/HG

planned to pay a portion of the outstanding amount of the loans with CB Center projects that he planned to direct to EISCO.

    a. **EDMONDS** handwritten notes on the Promissory Note detailed how he determined the $18,100.00 amount. **EDMONDS** wrote:

```
Floors         6.6
Autoclave      8.0
Sell Autoclave 3.0
Thresholds     0.5
              ____
              18.1
```

    b. "Floors," "Autoclave," "Sell Autoclave," and "Thresholds" all referred to projects that **EDMONDS** had directed to EISCO.

    c. **EDMONDS'** handwritten notes also detailed how he intended to repay an additional $22,000.00 to CONIGLIARO. **EDMONDS** wrote:

```
Rental   1.0
Crane    4.6
Doors    3.2
Biolabs 13.2
        ____
        22.0
```

4

2022R00104/MPP/HG

    d. "Rental," "Crane," "Doors," and "Biolabs" all referred to projects that **EDMONDS** planned to direct, and later did direct, to EISCO.

16. On October 19, 2014, CONIGLIARO made two purchases at Home Depot using his personal credit card, totaling $2,013.02 for materials that were to be used for renovations to **EDMONDS'** Perryville Rental Properties.

17. On October 22, 2014, CONIGLIARO made two purchases at Home Depot using his personal credit card, totaling $4,864.81 for materials that were to be used for renovations to **EDMONDS'** Perryville Rental Properties.

18. On the dates listed below, CONIGLIARO, using EISCO funds, made the payments listed below to a home renovation contractor ("Renovation Contractor 1"), for work on **EDMONDS'** Perryville Rental Properties:

    a. October 20, 2014 payment for $818.75

    b. October 21, 2014 payment for $1,890.54

    c. October 21, 2014 payment for $665.00

    d. October 23, 2014 payment for $715.00

    e. October 24, 2014 payment for $1,179.73

    f. October 24, 2014 payment for $715.00

    g. October 24, 2014 payment for $715.00

    h. October 29, 2014 payment for $2,865.00

19. On or about December 28, 2016, **EDMONDS** caused the Army to award Contract No. W911SR-10-D-0020, Task Order 004, Modification No. 21 ("Modification 21") to a prime contractor, Excet, Inc. ("Excet"), with the expectation that Excet would retain EISCO to perform

5

2022R00104/MPP/HG

the work. Modification 21 provided $100,158.00 in funding for work on the Ambient Breeze Tunnel.

20. On or about January 27, 2017, **EDMONDS** caused the government to award Contract No. W911SR-10-D-0020, Task Order 004, Modification No. 24 ("Modification 24") to Excet, with the expectation that Excet would award the project to EISCO. Modification 24 provided $50,000.00 in funding for work on the Ambient Breeze Tunnel.

21. On February 6, 2017, **EDMONDS** emailed CONIGLIARO a kitchen design and quote from the Home Depot website.

22. On February 11, 2017, CONIGLIARO, using EISCO funds, purchased $8,960.03 of items from Home Depot, including many of the items listed in **EDMONDS'** February 6, 2017 email.

23. On March 21, 2017, CONIGLIARO placed an online order with Home Depot for a 33-inch apron sink, which cost $890.39.

24. On April 20, 2017, CONIGLIARO, through EISCO, paid Advanced Granite Solutions $1,000.00 for a granite counter that was to be installed in the kitchen of **EDMONDS'** personal residence.

25. On May 8, 2017, CONIGLIARO, through EISCO, paid a renovation contractor ("Renovation Contractor 2") $9,146.50 to renovate the kitchen at **EDMONDS'** personal residence using the materials that CONIGLIARO purchased.

26. On May 26, 2017, **EDMONDS** caused the Army to award Contract No. W911SR-10-D-0020, Task Order 004, Modification No. 32 to Excet, with the expectation that Excet would retain EISCO to perform the work. Modification 32 provided $260,000.00 in funding for work on the Ambient Breeze Tunnel.

2022R00104/MPP/HG

27. On July 8, 2017, CONIGLIARO, through EISCO, paid Advanced Granite Solutions $1,016.50, which was the remaining balance owed for the granite countertop that was installed at **EDMONDS'** personal residence.

28. On August 22, 2017, **EDMONDS** caused the Army to award Contract No. W911SR-10-D-0020, Task Order 004, Modification No. 35, to Excet, with the expectation that Excet would retain EISCO to perform the work. Modification 35 provided $110,158.00 in funding to perform work at Kirtland Air Force Base in Kirtland, New Mexico.

29. On February 14, 2018, CONIGLIARO paid Renovation Contractor 2 $16,430.00 to replace the siding on **EDMONDS'** personal residence.

18 U.S.C. § 371

2022R00104/MPP/HG

## COUNTS 2 through 7
## 18 U.S.C. § 201(b)

1. The allegations in paragraphs 1 through 6 and 9 through 29 of Count One are incorporated herein by reference.

2. On or about the dates set forth below, in the District of Maryland, Defendant

**JASON M. EDMONDS,**

a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being influenced in the performance of an official act; that is CONIGLIARO gave cash and other financial benefits to **EDMONDS** in exchange for **EDMONDS** undertaking an official act on behalf of the CB Center that benefited EISCO and CONIGLIARO.

| Count | Date | Object of Value |
|---|---|---|
| 2 | 2/11/2017 | $8,960.03 payment from CONIGLIARO/EISCO to Home Depot for materials to be used to renovate the kitchen at **EDMONDS**' personal residence. |
| 3 | 3/21/2017 | $890.39 payment from CONIGLIARO/EISCO to Home Depot for a 33-inch apron sink to be installed at **EDMONDS**' personal residence. |
| 4 | 4/20/2017 | $1,000.00 payment from CONIGLIARO/EISCO to Advanced Granite Solutions for a granite countertop to be installed at **EDMONDS**' personal residence. |
| 5 | 5/8/2017 | $9,146.50 payment from CONIGLIARO/EISCO to Renovation Contractor 2 to renovate the kitchen at **EDMONDS**' personal residence. |
| 6 | 7/8/2017 | $1,016.50 payment from CONIGLIARO/EISCO to Advanced Granite Solutions for a granite countertop that was installed at **EDMONDS**' personal residence. |
| 7 | 2/14/2018 | $16,430.00 payment from CONIGLIARO/EISCO to Renovation Contractor 2 for the installation of siding on **EDMONDS**' personal residence. |

18 U.S.C. § 201(b)
18 U.S.C. § 2

8

2022R00104/MPP/HG

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) as a result of a defendant's conviction under any of the offenses set forth in Counts One through Seven of this Indictment.

2. Upon conviction of any of the offenses set forth in Counts One through Seven of this Indictment, the defendant

**JASON M. EDMONDS**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

3. The property to be forfeited includes but is not limited to a money judgment in an amount equal to the total amount of any property, real or personal, which constitutes or is derived from proceeds traceable to any conviction under Counts One through Seven.

4. If any of the above-described property, as a result of any act or omission of a defendant:

- cannot be located upon the exercise of due diligence;
- has been transferred, sold to, or deposited with a third party;
- has been placed beyond the jurisdiction of the Court;
- has been substantially diminished in value; or

2022R00104/MPP/HG

- has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other substitute property of the defendant up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

                                                        *Erek L. Barron/MPP*
                                                        Erek L. Barron
                                                        United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
                                                          2/8/2022
                                                          Date