IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| UNITED STATES OF AMERICA<br><br>v.<br><br>JASON M. EDMONDS,<br><br>Defendant. | Case No. 1:22-cr-00045-DLB |
|---|---|

## THE PARTIES' CONSENT MOTION TO EXCLUDE ADDITIONAL TIME PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America, by and through its undersigned counsel and with the prior approval and support of defense counsel, submits this Consent Motion by the Parties to Exclude Time Pursuant to the Speedy Trial Act, and jointly moves with the defendant to exclude time from the speedy trial calculations pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)G), (h)(3)(A), (h)(4), and (h)(7)(A).

## BACKGROUND

On February 8, 2022, a federal grand jury indicted Jason Edmonds and charged him with conspiracy and bribery. On February 18, 2022, defendant Edmonds appeared in the United States District Court for the District of Maryland for his initial appearance and arraignment on the indictment. ECF #s 6 & 7. The parties initially requested that the Court hold off on setting a trial date and exclude the time between the arraignment date and August 18, 2022 pursuant to the "ends of justice" provision of the Speedy Trial Act (18 U.S.C. § 3161(h)(7)(B)(ii)) because of "the complexity of the case, the length of the alleged conspiracy, and the voluminous amount of discovery . . . ." ECF # 12. The parties further noted that "the Court has only recently lifted

restrictions that had been in place due to the COVID-10 pandemic. The restrictions have created a backlog of cases." *Id.* The Court granted this motion on March 11, 2023. ECF # 13.

After affording time for the government to produce discovery and for the defense to review it, the parties requested that the Court set a trial schedule (ECF # 19), and the Court subsequently set this matter in for trial on February 27, 2023. ECF # 22. On August 18, 2022, the parties requested that the Court extend the exclusion of time under the Speedy Trial Act (STA) through the then-scheduled trial date of February 27th, ECF # 23, and the Court approved that request. ECF # 24.

On December 8, 2022, at the request of the parties, a further scheduling conference was held. During that teleconference, defense counsel explained that owing to the complexity of the case, the voluminous character of the discovery, and other demands on his schedule (including the upcoming trial in the case of *United States v. Roy McGrath*, Crim. No. DLB-21-0399), he requested that the February 27th trial date be set aside and rescheduled so that he would have adequate time to review the case materials and prepare for trial. ECF # 29 at 2-3. The government did not oppose this request, and the Court granted it. ECF # 28. Subsequently, on February 28th, the government filed a consent motion to exclude the time between that date and the new trial date established by the Court of July 31st, contending that this was necessary under the "ends of justice" provision of § 3161(h)(7). ECF # 29. The Court likewise granted this request. ECF # 30. Thus, as of the date of that order, all time between the defendant's arraignment date of February 18, 2022 and July 31, 2023 had been excluded for purposes of the STA's calculations as a result of successive orders of this Court.

During the months following the rescheduling of the February 27th trial date, the government tendered a proposed plea agreement to the defendant for his consideration sometime

2

in the spring. Eventually, in early June, defense counsel advised the government that his client would not accept the plea agreement, and both parties began their final preparations for trial (although defense counsel was also preparing for trial in another case that was set to commence on June 20th). No pre-trial motions were filed by either side, and on June 7th, the government on behalf of both parties submitted agreed jury instructions, proposed voir dire questions, and an agreed verdict form. ECF #s 37, 38, & 39.

Even as all of this was going on, the government's trial team experienced a 100% turnover in its personnel. Matthew Phelps, the original lead counsel for the government in the case, had to step aside once the trial date was postponed to July 31st because he was also scheduled for trial in the health care fraud case of *United States v. Ronald Elfenbine* starting on July 17th. Mr. Phelps was replaced by Assistant United States Attorney (AUSA) Leo Wise, who formally entered his appearance on May 3rd. ECF # 31. The undersigned counsel then was asked to join the trial team as co-counsel, and entered his appearance on June 6th. ECF # 36. By the middle of June, it had become apparent that other commitments precluded AUSA Wise from continuing as lead counsel in this case, so the undersigned replaced him as lead counsel and AUSA Bijon Mostoufi from this Office's Southern Division entered his appearance as co-counsel on June 22nd, ECF # 40 – less than six weeks prior to trial. Despite this relatively last-minute turnover in the government's trial team, in light of the previous continuance requested by the defense, the government determined not to seek a further postponement.

Subsequently, however, the defendant's contacts with his counsel became increasingly sporadic, and by sometime in mid-July (probably after July 6th) they ceased altogether, leaving defense counsel with no clear means of contacting his client. Defense counsel was ultimately forced to hire a private investigator to attempt to track down his client's whereabouts. Likewise,

3

in late July, as the government was conducting its pre-trial witness preparation sessions, several witnesses advised the government of information suggesting that the defendant was substantially abusing alcohol, and the government also learned that defense counsel was no longer in contact with his client. These circumstances led the government (with the defense's consent) to contact chambers on Monday, July 24th to express its concerns about the defendant's circumstances and availability for trial, which was set to start one week later.

On July 25, 2023, the parties had a telephone conference with the Court about these matters, after which the Court issued an order for the Defendant to appear at the federal courthouse in Baltimore at 11:00 a.m. on July 26, 2023, for a hearing on his conditions of pretrial release. ECF # 44. In light of these developments, the Court further advised counsel that it would be taking the case off its trial calendar for the following week.

By later that day, the government's case agents managed to track down the defendant (who was staying in an apartment leased by someone else at a building in downtown Towson) and served him with the Order. Defense counsel was also able to speak with the defendant on that Tuesday and advised him of the importance of appearing the following day.

However, the following day, the defendant failed to appear for his scheduled 11:00 a.m. hearing and a bench warrant was issued for his arrest. ECF #s 45 & 46. The bench warrant was executed that same day and the Defendant was arrested and brought before United States Magistrate Judge Matthew Maddox late that afternoon for a detention hearing. The defendant consented to detention at that time, while reserving his right to seek admission into an in-patient alcohol abuse rehabilitation program. The defendant denied that he had any condition that required a medical order. He was transported to the Chesapeake Detention Facility (CDF) that evening. ECF #s 47, 48, & 49.

The following morning (July 27, 2023), the defendant reported to the medical facility at CDF with a cluster of complaints (including tachycardia, shakiness, nausea, and vomiting, among others) that would be consistent with acute alcohol withdrawal. The defendant was then transported to the University of Maryland Medical Center (UMMC) in Baltimore, where he remains at this time.

Government and defense counsel first learned that the defendant had been transported to UMMC on the morning on Monday, July 31st, which had been scheduled to be the first day of trial. The parties and the Court proceeded with a telephonic scheduling conference that had already been set up for 3:00 p.m. that afternoon, at which it was agreed to hold off for the time being on setting a new trial date, but rather to conduct a further telephonic conference call in two weeks time, on Monday, August 13th.

Subsequently, the government spoke with a witness, Ms. C.J., with whom the defendant had been staying at the apartment in Towson. She advised us that he had been living there "on and off" since sometime in March. While she stated that she did not believe the defendant was drinking heavily, she did state that the defendant appeared to be extremely depressed, and at times would simply lie down on the bed and stare up at the ceiling for extended periods of time. (Chronic depression and lethargy can also be symptoms of acute alcohol dependence.) When asked whether the defendant appeared to be in a catatonic state on these occasions, Ms. C.J. stated that he did.

It is thus somewhat unclear at this time how severe the defendant's alcohol addiction is. However, it seems equally clear that the defendant has reached a state of such deep and profound depression that he is barely able to function. It will clearly take some time first to fully diagnose the character of the defendant's existing physical and mental disorders, and then to remedy them,

before he will be in a position to determine properly whether he still intends to proceed to trial and, if so, to work with his counsel in preparing for that event.

At the same time, it has now been 18 months since this case was indicted. As previously found by the Court, this is an unusually complex case that involves an alleged bribery scheme that lasted from 2013 through 2019. There is a substantial volume of relevant e-mail communications and financial records. Defense counsel has had a very busy trial schedule this year, with two jury trials and another case (the *McGrath* matter) where the jury trial was aborted on the day it was scheduled to proceed by the defendant's flight. Trial and other conflicts on the government's side likewise resulted in the complete turnover of the government's trial team the month before the case was set for trial. These circumstances abundantly justify the existing exclusion of time under the STA, which runs from February 17, 2022 through July 31, 2023. At the same time, however, there is a public interest in the reasonably speedy resolution of federal criminal charges.

At this point, a number of the exclusions recognized by the STA are applicable to this case:

- § 3161(h)(1)(A): delay resulting from any proceedings, including any examinations, to determine the mental competency or physical capacity of the defendant;

- § 3161(h)(3)(A): any period of delay resulting from thew absence or unavailability of the defendant;

- § 3161(h)(4): any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial; and

- § 3161(h)(7)(A): any period of delay resulting from a continuance granted by the judge, either based upon his or here own motion or the motion of one or both of the parties, where the Court finds that that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Given the uncertainty currently surrounding the defendant's physical and mental condition – as well as the fact that defense counsel is also representing a defendant in a lengthy (potentially multi-month) criminal RICO case set for trial later this fall, it is not possible at this time to determine when it will be possible to set this case for trial. The parties therefore jointly move that the Court exclude all time between July 31st and November 30th, *or the date on which this case is subsequently set for trial by order of this Court,* whichever comes later. A proposed Order is attached.[1]

## CONCLUSION

Based on the foregoing, the Court should enter a case-specific order finding that in addition to the previous exclusions covering February 17, 2022 through July 31, 2023, the time between July 31, 2023 and November 30, 2023, or the date on which this case can next be set for trial, whichever is later, constitute time that is properly excludable under the STA. A proposed Order to this effect is attached.

Respectfully submitted,

EREK L. BARRON
UNITED STATES ATTORNEY

By: _____
Jefferson M. Gray
Bijon A. Mostoufi
Assistant United States Attorneys

---

[1] The government hereby incorporates by reference the authorities addressing the requirements and provisions of the STA that it has cited in its previous filings, including ECF #s 12, 23, and 29.